FLORENCE M. PHILLIPS, APPELLANT, V. WILLIAM G. PHILLIPS, APPELLEE.

263 N. W. 2d 447

Filed March 8, 1978. No. 41351.

Peter E. Marchetti of Nelson, Harding, Marchetti, Leonard & Tate, for appellant.

William M. Connolly of Conway & Connolly, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolution of a marriage. The trial court dissolved the marriage, divided the property of the parties, and awarded alimony to the petitioner. Both parties filed motions for new trial. The petitioner has appealed and contends that the division of property and award of alimony to her was inadequate. There is no cross-appeal.

The petitioner is 59 years of age. The respondent is 56 years of age. The parties were married on December 11, 1942. They have four children, all of whom have reached their majority. The petitioner

is employed by an interior decorating firm at a salary of approximately $500 per month.

The respondent was formerly employed as a division manager and corporate officer by the Dutton-Lainson Company. This employment was terminated on October 13, 1975. The respondent now receives a salary of $750 per month from Ebko Industries, Inc. He also receives rental payments of $950 per month from Ebko for the use of buildings which he owns.

The trial court awarded approximately $63,000 of property to the petitioner which the parties agree was inherited by her. The trial court also awarded to the petitioner the residence property subject to delinquent taxes, the household goods, a 1974 Oldsmobile automobile, and $20,000 in cash. This property had a value of approximately $93,000. The petitioner was also awarded alimony at the rate of $250 per month for 122 months.

The trial court awarded to the respondent property having a value of approximately $234,000. The principal items of property included in the award were approximately $100,000 in cash, representing the proceeds from the sale of Dutton-Lainson Company stock, and the real estate and buildings occupied by Ebko which were valued at $69,500. The other property consisted of life insurance, capital stock of Ebko, and miscellaneous securities and property. The respondent was ordered to pay all the indebtedness of the parties except the taxes on the residence property.

The petitioner contends that the amount of property awarded to her was inadequate and that the award to the respondent was excessive. In determining whether the property division was fair it is necessary to consider the indebtedness of the respondent and what value should be assigned to the Ebko stock. In the valuation stated above no value was assigned to the Ebko stock.

The respondent owed approximately $26,000 in income taxes, approximately $27,000 in bank loans made directly to the respondent, and was liable on loans of approximately $141,500 made to Ebko. When this indebtedness is subtracted from the property awarded to the respondent the balance is $39,500.

Ebko Industries, Inc., is a corporation engaged in the manufacture of fiberglass boats. In 1967 the respondent purchased 66 shares of Ebko stock for $10,000 with funds which he had inherited. In April 1975 the respondent purchased 65 shares of stock in Ebko for $6,200. The remaining 66 shares outstanding are owned by William Evers, an employee of Ebko. The respondent holds promissory notes of Evers in the amount of $13,633.65 secured by a pledge of 36 shares of Ebko stock.

Because of past operating losses Ebko has a negative net worth and book value of $17,627. The respondent testified this deficit is understated because many of the items carried in the inventory of Ebko are worthless. The inventory was valued at $250,375 in Ebko's 1975 federal income tax return.

Ebko is indebted to the respondent in the sum of approximately $69,000. Apparently, this indebtedness represents funds borrowed by the respondent and then advanced to Ebko when Ebko was unable to borrow additional funds. Whether this debt is of any substantial value depends upon whether Ebko is able to continue in business and pay off its very substantial debt.

The petitioner called a security analyst who testified as an expert witness that Ebko had a value of between $163,750 and $232,700. This valuation was based upon what the witness thought a buyer might pay who was interested in the accumulated operating deficit of the corporation and upon the fact that Ebko had shown a taxable income of $28,211 in 1975 and a substantial increase in sales from 1973 to 1975.

There was no evidence that any prospective purchaser had shown an interest in buying Ebko.

It is apparent from the record that, under the management of the respondent, Ebko may develop into a successful and profitable company. However, it is not such a company at this time and it is impossible at this time to predict with certainty what its future will be. Although it is clear that the capital stock of Ebko had some value at the time the property division was made, that does not establish that the division which was made was not reasonable.

The fixing of alimony or distribution of property rests in the sound discretion of the District Court, and in the absence of an abuse of discretion, will not be disturbed on appeal. Schmer v. Schmer, 197 Neb. 800, 251 N. W. 2d 167. In addition to restoring her inheritance the trial court awarded $93,000 in property to the petitioner plus alimony in the amount of $30,500. As we view the record this award was adequate and reasonable under all the facts and circumstances.

The judgment of the District Court is affirmed. The petitioner is allowed the sum of $1,000 for the services of her attorney in this court.

AFFIRMED.