JANICE D. CAMPBELL, APPELLANT AND CROSS-APPELLEE, v. WILLIAM G. CAMPBELL, APPELLEE AND CROSS-APPELLANT.

276 N. W. 2d 220

Filed March 13, 1979. No. 41887.

Lustgarten & Roberts, for appellant.

Frank L. Burbridge of Kutak Rock & Huie, for appellee.

Heard before SPENCER, Retired Justice, BRODKEY, and McCOWN, JJ., and REAGAN and BLUE, District Judges.

BLUE, District Judge.

The petitioner, Janice D. Campbell, filed a petition for dissolution of marriage against the respondent, William G. Campbell, on September 8, 1976. Trial was had. On August 2, 1977, the District Court entered a decree dissolving the marriage. Petitioner filed a motion for a new trial as to this decree on August 4, 1977.

A further trial was held and a decree was entered on October 28, 1977, adjudicating custody, child support, and property rights. Petitioner filed a motion for a new trial as to this decree on October 31, 1977. This motion was argued and submitted on November 14, 1977.

On December 7, 1977, an order was entered overruling the petitioner's motion for new trial and modifying the decree of October 28, 1977, by awarding alimony to petitioner in the sum of $600 per month for 60 months and then $300 per month for 61 months or to terminate upon the death of either party, or re-

marriage of the petitioner. The property division was also modified by awarding certain property in Missouri to respondent but requiring him to pay petitioner for the property in installments. This modified decree was made in the same term of court as the decree of October 28, 1977. Petitioner filed a notice of appeal from the order of December 7, 1977, which order overruled petitioner's motion for new trial as to the decree of October 28, 1977. Petitioner moved for an order dismissing her appeal on January 27, 1978. Respondent gave notice of intent to cross-appeal on February 3, 1978. Pursuant to paragraph 1 f of the Revised Rules of Supreme Court, 1977, the court denied the motion to dismiss. The cause proceeded as if the appeal had originally been perfected by the appellee (respondent) who cross-appealed. The petitioner has filed a brief as cross-appellee and original appellant, and asserts affirmative relief on the cross-appeal.

For his assignments of error, respondent claims the trial judge had no authority to enter the modified decree of December 7, 1977, and that the division of property and the award of alimony were unreasonable. Petitioner in her assignments of error claims: The trial court did not award adequate alimony; the trial court erred in not allowing petitioner to elicit evidence of what happened during the marriage leading to the irretrievable breakdown; the trial court erred in not restoring to the petitioner property inherited by her; and the trial court's award of fees to petitioner's attorney was inadequate.

In an appeal of an action for the dissolution of marriage, the Supreme Court is required to try the case de novo and reach independent conclusions on the issues presented by the appeal, without reference to the conclusion or judgment reached in the District Court. § 25-1925, R. R. S. 1943; Barnes v. Barnes, 192 Neb. 295, 220 N. W. 2d 22. We have considered the record in this case with this rule in mind.

The parties were married on June 15, 1956. Three children were born to the marriage; Anne B. Campbell, born September 30, 1959; Elizabeth D. Campbell, born January 29, 1962; and Amy B. Campbell, born August 23, 1965. Elizabeth has been blind since birth. She is attending the Omaha public schools. The trial court fixed child support at $300 per month per child and made special provision for Elizabeth requiring continued payments until she becomes self-supporting. Life insurance with death benefits of approximately $90,000 was set aside for the children and, in addition, medical and dental coverage was to be maintained by respondent for the children. Respondent makes no complaints about the above provisions for the children.

Petitioner graduated from the University of Nebraska in 1956. Respondent graduated from the same university at the same time and subsequently graduated from George Washington University Law School. While respondent was in law school, petitioner was employed, earning $6,000 or $7,000 a year.

Upon graduation from law school and after a period in the Air Force, respondent returned to Omaha to practice law. He is now a partner in an Omaha law firm. Respondent's income for 1974 was $52,012.18; for 1975 it was $46,067.94; and for 1976 it was $95,696.82, as reflected by the income tax returns. One reason for an increase in the income of 1976 was that there was a net gain of $19,000 realized from the sale of stock. Petitioner is employed part time by Goodwill Industries as a director of volunteer services, and earns approximately $400 to $500 per month.

In the decrees of October 28, 1977, and of December 7, 1977, the trial court awarded the following property to petitioner, which the evidence shows is of the value indicated as follows: Family residence - $43,262 (equity); note receivable - $12,000; stock in American National Bank - $1,500; stock and war-

rants in Magnolia Metal - $3,200; stock in Bank of Bellevue - $750; furniture and household goods - $12,000; china, silver, jewelry, and art - $5,108.55; receivable from respondent for Missouri partnership assets - $20,800. These items total $98,620.55.

The petitioner received between $12,000 and $14,000 from an inheritance, which sum went into the family residence.

The respondent was awarded the following, which the evidence shows is of the value indicated: Law firm equity - $11,000; Integrated Cattle Co. - $6,100; stock in Bank of Niobrara - $67,000; certificate of deposit - $10,000; proceeds from Manning Trust - $38,000; personal property - $7,500; silver, jewelry, and art - $5,000; Centennial Land and Livestock Note - $8,000. These items total $152,600.

Respondent was required to pay indebtedness in the sum of $58,200, which in effect reduces his share to $94,400.

These values were either stipulated or not disputed except for the tangible personal property. However, the above values of such personal property are quite close.

Respondent claims that the trial court had no authority to amend and modify the decree of October 28, 1977, by the decree of December 7, 1977. The record shows that both of these decrees were entered in the same term of court.

It is settled law in this state that the District Court has inherent power to vacate or modify its own judgment at any time during the term at which it is rendered. Such action rests in the sound discretion of the court and, in the absence of an abuse of discretion, will not be interfered with. Hall v. Hall, 201 Neb. 590, 271 N. W. 2d 43 (1978); Pofahl v. Pofahl, 196 Neb. 347, 243 N. W. 2d 55 (1976).

In Buchanan v. Buchanan, 186 Neb. 89, 180 N. W. 2d 886 (1970), which was a divorce case, the District Court, during the same term of court and on its own

motion, modified a decree of divorce by reducing the amount of alimony. The wife challenged the authority of the trial court's action. This court stated: "Plaintiff's only assignment of error challenges the authority of the court to modify the decree on its own motion. No additional evidence was taken. It appears that the court simply came to the conclusion that the original determination of the case was in some respects erroneous and, in the interests of justice, should be modified. The prevailing rules governing such a situation appear in Morgan v. Weiner, 173 Neb. 715, 114 N. W. 2d 720, and Beliveau v. Goodrich, 185 Neb. 98, 173 N. W. 2d 877. A district court has inherent power to vacate or modify its own judgment at any time during the term at which it is rendered. Such action rests in the sound discretion of the court and, in the absence of an abuse of discretion, will not be interfered with.

"When, in a case tried to the court and determined on its merits, the court after entry of decree, upon due reflection, arrives at the conclusion that an erroneous or unjust decree has been entered and modifies or sets it aside, no question of an abuse of discretion can arise. The only question presented is whether the final determination is right or wrong, just or unjust, on the merits."

In modifying the decree, the court was purportedly influenced by this court's holding in Brown v. Brown, 199 Neb. 394, 259 N. W. 2d 24 (1977).

A judgment of the trial court fixing the amount of alimony or making distribution of property will not be disturbed on appeal unless it is patently unfair on the record. Remmers v. Remmers, 200 Neb. 647, 264 N. W. 2d 857 (1978).

In determining the question of alimony and division of property, the court shall have regard for the circumstances of the parties, duration of the marriage, history of the contributions to the marriage by each party, including contributions to the care and

education of the children, an interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. See § 42-365, R. S. Supp., 1978.

Upon a consideration of the evidence presented to us and upon consideration of the above rules, it is our conclusion that there was no abuse of discretion in regard to the division of property or alimony. In deciding this, we are not unmindful that there is evidence that petitioner received as an inheritance between $12,000 and $14,000 which went into the home of the parties.

The petitioner claims one of the circumstances of the parties to be considered by the trial court in making its award of alimony and division of property is whether the unilateral acts of one party were responsible for the irretrievable breakdown of the marriage, citing Theye v. Theye, 200 Neb. 206, 263 N. W. 2d 92 (1978), for her authority. This contention is answered by Judge C. Thomas White in his concurring opinion in the Theye case, with which the majority of the members of the Supreme Court concurred: ''I agree with the majority in the result. I disagree with any implication in the opinion that the result somehow follows a determination of responsibility for the initial breakdown of the marriage. The award of alimony and the division of property are determined by the circumstances of the parties at the time of dissolution of the marriage, the length of the marriage, the health, relative earning power, and education of the parties, and whether there are unemancipated children. See § 42-365, R. S. Supp., 1976. No case has said that the granting, denial, or reduction of alimony nor the division of property are to be considered punitive. I would not engraft any such provision on the law of this state.''

Petitioner claims that the fee of $2,500 awarded to

her attorney was inadequate. The award of attorney's fees involves consideration of such factors as the nature of the case, the amount involved in the controversy, the services actually performed, the results obtained, the length of time required for preparation of the case, the skill devoted to preparation and presentation of the case, the novelty and difficulties of the questions raised, and the customary charges of the bar for similar services. Weber v. Weber, 200 Neb. 659, 265 N. W. 2d 436 (1978).

The allowance of the fee is discretionary with the court. Brown v. Brown, *supra*. We find there was no abuse of discretion in this regard.

The decree was not improperly modified and amended. The judgment of the District Court is affirmed. The petitioner is awarded a fee of $1,500 for services of her attorney in this court.

AFFIRMED.

BRODKEY, J., and SPENCER, Retired Justice, concur in result.