LEE S. RAGAINS, APPELLEE, v. NANCY M. RAGAINS, APPELLANT.

281 N. W. 2d 516

Filed July 17, 1979. No. 41998.

Tye, Worlock, Tye, Jacobsen & Orr and Larry E. Butler, for appellant.

Knapp, State, Yeagley, Mues & Sidwell, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, BRODKEY, and HASTINGS, JJ., and WHITEHEAD, District Judge.

WHITEHEAD, District Judge.
This is an action for dissolution of marriage. The District Court found that the marriage was irre-

trievably broken and entered a decree of dissolution. The court granted custody of the one remaining minor, dependent child of the parties to the wife and awarded child support. The court also made a property division, awarded alimony to the wife, and awarded the wife an attorney's fee. The wife has appealed.

The parties were married October 26, 1952. The wife was 18 years old and the husband was 20 years old at the time of the marriage. Both had completed high school. At the time of the dissolution, the wife was 43 years old and the husband was 45 years old. At the time of the marriage the husband owned 25 Hereford stock cows, a saddle horse, and an automobile that was 1 year old. The wife brought basically no property into the marriage. Immediately following the marriage the parties moved to a ranch owned by the husband's grandfather where the husband was employed, receiving compensation of $150 per month and free feed for his livestock.

In 1953 the oldest of the three children of the parties was born. Only one child is now a minor. In 1954 the husband entered the military service and upon discharge entered college as a preveterinary student. He was graduated as a veterinarian in 1963. During the entire 7 years in which the husband attended college, both parties worked to support the family, the wife working as a babysitter and in a day care center, the husband on a construction crew and in cutting hay.

For the first 3 years of school, the husband received benefits under the G. I. Bill. After his eligibility had been used up, the husband's parents sent him $160 per month until he graduated 4 years later. Further, the husband's parents paid for all of his tuition and books throughout his schooling.

Upon the husband's graduation in 1963, the parties moved to Kearney, Nebraska, where the husband

commenced the practice of veterinary medicine. At the time of the dissolution the parties had acquired a variety of personal property including household furnishings, automobiles, machinery, livestock, and land, including a residence and an interest in the real estate of the veterinary clinic of which the husband is a partner, an interest in the veterinary clinic partnership, and a livestock partnership.

The wife worked on the farm during the marriage and also cared for the family home and the children. In 1976, the wife had open heart surgery at the Mayo Clinic and a prosthetic valve was placed in the heart. Evidence was contradictory as to her present health. In the last several years, as a result of the increasing number of veterinarians practicing in the area and an influx of cutrate drug houses, the husband's income has declined substantially. He also suffers from diabetes, which curtails his ability to work. The husband's average monthly income for 1977 was $1,100. The husband has no source of income aside from his veterinarian practice.

The District Court, on January 17, 1978, entered its decree dissolving the marriage and awarding custody of the remaining minor child to the wife, subject to the reasonable visitation rights of the husband, and ordered the husband to pay child support for the minor child in the sum of $150 per month. The court, in making a property division, credited the husband with $5,000 in assets owned by him at the time of the marriage, 56 percent of the fair market value of a tract of agricultural real estate of which 56 percent of the purchase price was paid as a result of a $15,000 gift from the husband's mother, and 22.7 percent of the fair market value of another parcel of agricultural real estate of which 22.7 percent of the purchase price was paid from the sale proceeds of land inherited from the husband's grandmother. Also, the husband was given credit for $7,500 of monetary gifts from his mother to make

annual payments on land contracts. The court did not give the husband credit for $9,500 in gifts received from his mother which were used to pay various household expenses.

In the property division the court awarded each of the parties a portion of the parties' real estate outright, awarded each an undivided one-half interest in certain real estate, divided the personal property, and assigned the major portion of indebtedness to the husband. The court further ordered alimony to the wife in the sum of $300 per month until the death or remarriage of the wife, but not to exceed a total of 120 months, and ordered the husband to pay the costs, including a $500 attorney's fee. The wife has appealed.

No issues as to custody or child support are raised by the wife. She assigns a number of alleged errors which could be summarized by stating: (1) That the court erred in the property division by crediting the husband with the assets owned by him at the time of the marriage, with a portion of the gifts received from his mother, and with the portion of the value of the real estate purchased with money received as gifts or inheritance; (2) that the division of the property was unfair; (3) that the award of alimony was inadequate, unfair, and unreasonable; (4) that the award of an attorney's fee was unreasonable; (5) that the court erred in dividing the property to require the parties to remain as coowners of certain parcels of real estate; and (6) that the court erred in not considering evidence as to the responsibility for the breakdown of the marriage.

The property involved in this case had a total value of $465,931.46 less liabilities of $125,276, producing net assets of $340,655.46. In the division of the property, the District Court made an allowance to the husband of $75,460 for an inheritance, gifts he received from his mother, and property owned prior to the marriage. The balance of the net assets were

divided as follows: $138,481.75 to the husband and $126,713.71 to the wife. The wife also received an award of alimony of $36,000.

The issues raised on appeal concerning the property division and alimony can be discussed together.

The general rule is that the fixing of alimony and distribution of property rest in the sound discretion of the District Court and in the absence of abuse of discretion will not be disturbed on appeal. Schmer v. Schmer, 197 Neb. 800, 251 N. W. 2d 167 (1977); Olson v. Olson, 195 Neb. 8, 236 N. W. 2d 618 (1975); Tavlin v. Tavlin, 194 Neb. 98, 230 N. W. 2d 108 (1975).

The wife argues strongly that the award of property is patently unfair under the decree. Considering all the property awarded to the husband by the District Court, he receives 62.8 percent of the property and the wife receives 37.2 percent. When, however, you consider the amount of alimony received by the wife plus her property award, the husband receives approximately 52 percent of the property and the wife 48 percent. This court has said that the rule for determining alimony or division of property in divorce actions provides no mathematical formula by which such an award can be exactly determined. Generally speaking, awards in cases of this kind vary from one-third to one-half of the value of the property involved depending upon the facts and circumstances of the particular case. Junker v. Junker, 188 Neb. 555, 198 N. W. 2d 189 (1972).

The division of property and the issue of alimony may be considered together and they are to be determined upon the consideration of all the facts and circumstances. Sullivan v. Sullivan, 192 Neb. 841, 224 N. W. 2d 542 (1975); Boroff v. Boroff, 197 Neb. 641, 250 N. W. 2d 613 (1977).

We find no error in the division of property and award of alimony in this case. Although this court would generally prefer that there be a complete division of the property in dissolution actions, when the

proper situation presents itself the trial court does not abuse its discretion in having the parties own an undivided one-half interest in the property. In this situation it is in the best interest of the parties that they are left as owners of an undivided one-half interest in several parcels of property to be able to share equally in the appreciation and development potential of the property.

The wife raises the issue that the trial court was in error in refusing to hear testimony as to the alleged responsibility for the breakdown of the marriage. The clearest expression of the rule of law is set forth in the concurring opinion in Theye v. Theye, 200 Neb. 206, 263 N. W. 2d 92 (1978), which states as follows: "The award of alimony and the division of property are determined by the circumstances of the parties at the time of dissolution of the marriage, the length of the marriage, the health, relative earning power, and education of the parties, and whether there are unemancipated children. See § 42-365, R. S. Supp., 1976. No case has said that the granting, denial, or reduction of alimony nor the division of property are to be considered punitive. I would not engraft any such provision on the law of this state." Nor do we.

As to the issue of attorney's fees, in an action for dissolution of marriage, the award of attorney's fees is discretionary with the trial court and depends upon a variety of factors, including all the circumstances such as the amount of the division of property, the alimony awarded, the earning capacity of the parties, and the general equities of the situation. Campbell v. Campbell, 202 Neb. 575, 276 N. W. 2d 220 (1979). We see no error in the award of attorney's fees. The wife is allowed $1,000 for the services of her attorney in this court.

AFFIRMED.