NANCI A. RINDERKNECHT, APPELLEE AND CROSS-APPELLANT, v. WILLIAM A. RINDERKNECHT, APPELLANT AND CROSS-APPELLEE.

284 N. W. 2d 569

Filed October 23, 1979. No. 42428.

Donald A. Roberts of Lustgarten & Roberts, for appellant.

L. W. "Jim" Weber and Stanley H. Foster, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

MCCOWN, J.

This is a dissolution of marriage proceeding in which actions were pending simultaneously in two states. Following the entry of an in rem decree of dissolution in Indiana, the Nebraska court entered judgment ordering a property division; awarding custody of the minor child, child support, and alimony to the wife; and assessing attorney's fees and costs to the husband. The husband has appealed.

On May 3, 1976, the wife filed her petition for legal separation in the District Court for Sarpy County, Nebraska, and sought custody of the minor child, child support, and a property division. The husband was personally served with summons in Nebraska. On May 7, 1976, the husband, a sergeant in the Air Force stationed at Offutt Air Force Base in Nebraska, filed a petition for dissolution of marriage in Indiana, his legal residence.

On May 21, 1976, by agreement of the parties, the District Court for Sarpy County, Nebraska, entered its order granting temporary custody and control of the minor child to the wife, subject to reasonable visitation rights of the husband, and directed the payment of $130 per month for temporary support and maintenance of the child. The Nebraska District Court also granted use and possession of a Matador automobile to the wife and directed the husband to make all payments on the car.

On July 16, 1976, the Circuit Court of Hendrix County, Indiana, entered its decree dissolving the marriage, awarding custody of the minor child to

the wife, and awarded child support. The decree also made a property division, assigned the Matador automobile to the husband, and awarded an older automobile to the wife.

The wife appeared specially in the Indiana proceeding by her counsel for the sole purpose of contesting jurisdiction. Thereafter she perfected an appeal to the Court of Appeals of Indiana upon the ground that the Circuit Court of Indiana did not have in personam jurisdiction over the wife, the minor child, or the personal property located in Nebraska. The Court of Appeals of Indiana agreed. On February 23, 1978, the Circuit Court of Hendrix County, Indiana, in accordance with the mandate of the appellate court, entered an amended judgment and decree of dissolution which essentially dissolved the marriage of the parties, awarded the husband an automobile, and any other personal property except property in which the wife had any interest.

On March 23, 1978, the wife filed a second amended petition in the action pending in the District Court for Sarpy County, Nebraska, and summons was again personally served on the husband. The amended petition alleged the entry of a dissolution of marriage decree in Indiana, and prayed for custody of the minor child, child support, property division, alimony, and attorney's fees, including those incurred in the Indiana proceeding. Thereafter the District Court for Sarpy County, Nebraska, entered judgment awarding the wife the custody of the minor child, subject to reasonable visitation rights in the husband; directed the husband to pay the sum of $150 per month child support with specified reductions for summer visitation periods and provisions for medical and dental expenses; awarded the wife the personal property in her possession, including approximately $1,300 in United States government Series E bonds and a 1975 Matador automobile; and directed the husband to pay the indebtedness against

the car. The court also awarded the wife the sum of $2,500 gross alimony, payable $50 per month, and ordered the husband to pay $2,000 attorney's fees to her Nebraska attorney and costs of the action.

On appeal to this court the husband now contends that the District Court in Nebraska had no authority to award any attorney's fees incurred in the Indiana proceeding, and that the attorney's fees awarded to the wife's Nebraska counsel were excessive. The husband also contends that the division of property and alimony award were unreasonable.

Indiana counsel for the wife testified at the Nebraska trial that the reasonable value of the legal services for the wife in the Indiana court proceedings, including costs advanced, was $4,578, no part of which had been paid. The District Court made no award or allowance for any Indiana attorney's fees. The court, however, indicated that the alimony award and the award of the savings bonds to the wife might be sufficient to cover such indebtedness.

Unquestionably the court had authority to make a property division which took into account indebtedness reasonably incurred by the wife during the pendency of the proceedings and prior to final disposition. The evidence also established that the wife was employed as a waitress with a gross pay of $432.19 a month, while the husband was a staff sergeant in the Air Force with gross pay of $928.34 per month, who was contemplating retirement in the near future and commencement of a teaching career.

The fixing of alimony or distribution of property, rests in the sound discretion of the District Court, and in the absence of an abuse of discretion will not be disturbed on appeal. Phillips v. Phillips, 200 Neb. 253, 263 N. W. 2d 447. The rules for determining a division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined.

This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466. The award of alimony and the division of property in the present case were not patenty unfair on the record, nor was there any abuse of discretion on the part of the trial court.

Finally, the husband contends that the attorney's fees awarded to the wife in the Nebraska proceeding were excessive. An award of attorney's fees in an action for dissolution of marriage involves consideration of such factors as the nature of the case, the amount involved in the controversy, the services actually performed, the results obtained, the length of time required for preparation and presentation of the case, the novelty and difficulty of the questions raised, and the customary charges of the bar for similar services. Pfeiffer v. Pfeiffer, 203 Neb. 137, 277 N. W. 2d 575. The record in the present case shows that the legal services involved on the part of Nebraska counsel extended over a period of more than 2 years and involved interrogatories, motions, hearings, and correspondence and consultation with Indiana counsel during the pendency of the Indiana proceedings. The trial court was fully aware of the nature and extent of the services and carefully considered the evidence. The $2,000 fee allowed was ample, but we cannot say there was an abuse of discretion in setting the fee.

The judgment of the District Court is affirmed. Each party shall pay his or her own attorney's fees in this court.

AFFIRMED.