DELBERT L. MATLOCK, APPELLANT, V. PATRICIA N.
MATLOCK, APPELLEE.

287 N. W. 2d 690

Filed January 22, 1980. No. 42548.

Kenneth R. Lang and Angle & Lang, for appellant.

Gordon B. Fillman and Fillman & Baumann, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an action for dissolution of marriage brought by the petitioner husband against the respondent wife. The court dissolved the marriage; awarded the petitioner the real estate that was held in joint tenancy; awarded the respondent a car, piano, and various household goods; and ordered petitioner to pay respondent the sum of $7,800 at the

rate of $300 per month. The petitioner now appeals to this court and argues that the $7,800 award is excessive. We affirm.

The parties were married November 16, 1974. The petitioner had three children, ages 13, 11, and 7, the issue of a previous marriage. No children were born to the Matlocks during their marriage. The parties have agreed through stipulation to a division of personal property.

The evidence establishes without dispute that residential property which was awarded to the petitioner by the decree was acquired with the proceeds of the sale of similar property owned by the petitioner and his first wife and which had passed to him at her death. The original source of the funds for the purchase of this property was real estate which was a gift from the parents of the first wife. The purchase price of the residential property which is involved in this action was $16,500. The evidence indicates that during the approximately 4 years of marriage, the value of that property had increased to at least $23,000.

At the time of the marriage of the parties, respondent was 27 years of age and the petitioner 42. Respondent was employed at the time of the marriage as deputy treasurer of York County, Nebraska, and continued that employment during the marriage. During that time she earned gross wages of about $19,000. Her net earnings during the period were about $15,000. The petitioner was regularly employed during the marriage and earned take-home pay of about $140 per week. He gave about $40 per week to the respondent for groceries and other necessities during the marriage. He paid the expenses of maintaining the home, such as taxes, insurance, utilities, and maintenance. The respondent testified that she used her net pay during the marriage not only for her own maintenance, but for that of the family, including food, transportation ex-

pense, music lessons for one of the daughters, gifts, and other items. She cared for the children during the marriage and performed the usual domestic duties.

During the course of the marriage the respondent's personal indebtedness increased to about $3,000 (the original amount not shown), which included repairs and maintenance on her car, the cost of a piano which was awarded to her, and other installment debts. She was directed by the decree to assume these obligations.

The petitioner argues that, in effect, the award to the respondent of $7,800 gives to her property which was a gift to himself and his first wife and that the property should be entirely excluded from consideration in determining any award to the respondent.

We have consistently held that rules for determining division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined; they are to be determined by the facts in each case. The court will consider all pertinent facts in reaching an award that is just and equitable. Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466; Pfeiffer v. Pfeiffer, 203 Neb. 137, 277 N. W. 2d 575. The court shall also have regard for the circumstances of the parties, the duration of the marriage, contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities. Campbell v. Campbell, 202 Neb. 575, 276 N. W. 2d 220. How property, inherited by a party before or during the marriage, will be considered in determining division of property or award of alimony must depend upon the facts of the particular case and the equities involved. Ulmer v. Ulmer, *ante* p. 351, 287 N. W. 2d 685.

The trial court did not abuse its discretion in making the award to the respondent. Respondent is

awarded an attorney's fee of $500 for the services of her attorney in this court.

AFFIRMED.