EVELYN E. ULMER, APPELLEE AND CROSS-APPELLANT, V. EUGENE M. ULMER, APPELLANT AND CROSS-APPELLEE.

287 N. W. 2d 685

Filed January 22, 1980. No. 42541.

Lloyd W. Kelly and Kelly, Kelly & Kelly, for appellant.

Luebs, Dowding, Beltzer, Leininger & Smith, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

In this marriage dissolution case, the respondent husband appeals from the decree of the District Court for Hall County and assigns three errors: The court made an inappropriate distribution of the property accumulated during the marriage; the court erred in failing to grant the respondent husband alimony; and the court erred in allowing an inadequate attorney's fee to respondent's counsel. We affirm.

The parties, at the time of the dissolution, had been married 37 years. Both parties worked while they were married. During the course of the marriage, petitioner received a total of $11,400 in inheritance from relatives. At the time of the dissolution, petitioner was employed as a schoolteacher in the Grand Island school system and was earning approximately $14,000 per year. The respondent received Social Security and government retirement benefits of approximately $350 per month from which a health insurance policy premium had been

previously deducted. He was self-employed as a carpet cleaner earning approximately $200 per month. There was a dispute among the parties as to whether the respondent was capable of increasing the earnings from his self-employed business or whether he failed to do so because he did not wish to pay additional income tax.

The court divided the marital property as follows: The petitioner was awarded a 1973 Ford automobile and the respondent a 1958 Chrysler automobile; the respondent was awarded all carpet cleaning equipment and miscellaneous tools which the petitioner testified had a value of approximately $3,000. The petitioner was awarded approximately $2,100 interest in a retirement annuity paid for by her out of her salary as a teacher. The court further directed that the home of the parties be sold and that $9,800 be first set off to the petitioner as inherited property and the balance divided equally between the parties. The respondent's attorney was awarded a fee of $200.

The respondent's first assignment of error is that the court did not make an appropriate property division of the parties. It appears that as nearly as possible, with the exception of the allowance for the inheritance, the court made an effort to divide the property evenly. We are not inclined to disturb that determination by the trial court.

The respondent next assigns as error the failure of the trial court to award alimony to him to be paid by petitioner. The fixing of alimony rests in the sound discretion of the District Court and in the absence of an abuse of discretion will not be disturbed on appeal. Phillips v. Phillips, 200 Neb. 253, 263 N. W. 2d 447. The trial court obviously felt that the income of the parties was not so grossly disparate that one party ought to receive alimony payments from the other. We find no abuse of discretion.

The award of the attorney's fee is adequate and

likewise does not appear to be an abuse of discretion and will not be disturbed here.

The petitioner cross-appeals and assigns principally as error that the trial court erred in not allowing her the full amount of her inheritance. While the source of funds brought into a marriage is a consideration in the division of property, it is not an absolute. Absent an abuse of discretion, we do not disturb the trial court's division of property.

AFFIRMED.