LINDA LEE RITTER, APPELLANT, v. JERALD E. RITTER, APPELLEE.

289 N. W. 2d 526

Filed March 4, 1980. No. 42687.

Elizabeth Stuht Borchers and Gunderson, Abrahamson & Borchers, for appellant.

Steven J. Lustgarten of Lustgarten & Roberts, for appellee.

Heard before Krivosha, C. J., Boslaugh, McCown, Clinton, Brodkey, White, and Hastings, JJ.

Boslaugh, J.

This is an appeal in a proceeding for the dissolution of a marriage in which the trial court dissolved the marriage and divided the property of the parties. The petitioner wife has appealed and contends that the division of the property was unconscionable and that the trial court erred in failing to award alimony.

Petitioner and respondent were married on December 24, 1977. They separated in July of 1978, approximately 7 months later. This was petitioner's third marriage and respondent's second marriage. Both parties have children from prior marriages. During the marriage the petitioner was not employed outside the home. Respondent has been employed by Northern Natural Gas for over 20 years and receives a gross monthly salary of $3,290.

The trial court awarded petitioner the 1974 Ford station wagon and the furniture which she brought into the marriage, a $1,500 cash award, approximately one-half of the household goods, and attorney's fees in the amount of $500. The respondent was awarded the couple's residence property which has an appraised value of $71,000, and is subject to mortgage indebtedness in the amount of approximately $53,000. Additionally, the respondent was awarded approximately one-half of the household goods, the 1973 Volvo which he brought into the marriage, and all other property in his name. The respondent was ordered to pay all the debts incurred by the petitioner relating to an unsuccessful pregnancy and to reimburse the petitioner for prescription medications purchased during the pregnancy. The respondent is required to provide the petitioner and her children with adequate medical and hospitalization coverage until the decree becomes final.

Petitioner was awarded temporary possession of the couple's residence property through June 14, 1979, while respondent was ordered to make the house payments thereon. She has remained in possession of the property during the appeal.

The petitioner brought into the marriage $500 in addition to the automobile and furniture. She claims to have spent the greater part of an $8,000 settlement from her previous marriage on respondent and his family in anticipation of the marriage. At the time of the marriage the respondent owned a home in Council Bluffs, approximately 1,000 shares of Northern Natural Gas stock, two automobiles, and a savings account worth approximately $8,500.

During the marriage respondent sold his Council Bluffs residence and purchased a home in joint tenancy with petitioner. The downpayment and earnest money were provided totally from separate assets of the respondent. The petitioner and respondent worked together in making the Council Bluffs residence salable and in making their new home livable. During the marriage the petitioner contributed $250 per month to the family budget which she received as child support. Over the years the respondent has participated in a voluntary stock purchase plan which is partially matched by his employer. During the period of the marriage, respondent estimated that $1,150 worth of Northern Natural Gas stock was purchased in his name.

Petitioner contends that she is entitled to one-half the equity in the house and one-half the value of the Northern Natural Gas stock acquired during the marriage. Petitioner acknowledges that her contributions to the marriage were not monetary but argues that nonfinancial contributions are compensable. In addition, petitioner urges that money she spent on respondent and his family before the marriage should be restored to her as if it had been contributed to the marriage.

The $1,500 cash award which petitioner received to equalize the division of the property more than offsets the Northern Natural Gas stock which respondent acquired during the marriage and restores the $500 which petitioner brought into the marriage. The money which petitioner spent in anticipation of her marriage to respondent should not be considered in dividing the marital property. Ordinarily, money spent by one spouse in the nature of a gift prior to marriage will not be reimbursed when the divorce is granted. See, Dillon v. Starin, 44 Neb. 881, 63 N. W. 12 (1895); Hopper v. Hopper, 80 Nev. 302, 392 P. 2d 629 (1964).

The rules for determining a division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. This court is not inclined to disturb the division of such property by the trial court unless it is patently unfair on the record. Rinderknecht v. Rinderknecht, 204 Neb. 648, 284 N. W. 2d 569 (1979); Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466 (1978).

The division of the property which the trial court made resulted in the respondent receiving a larger proportion of the property than the petitioner. The division of the property was fair because the source of most of the property was the respondent's separate property. The distribution of property and fixing of alimony rest in the sound discretion of the District Court and, in the absence of an abuse of discretion, will not be disturbed on appeal. Phillips v. Phillips, 200 Neb. 253, 263 N. W. 2d 447 (1978). As we view the record, the award was adequate and reasonable under the facts and circumstances.

The judgment of the District Court is affirmed.

AFFIRMED.