SHIRLEY LAVON BURTON, APPELLEE, V. RICHARD
CECIL BURTON, APPELLANT.

290 N. W. 2d 658

Filed April 1, 1980.   No. 42754.

Cunningham Law Office, P.C., for appellant.

Sinor, Blount & Sebby, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolution of a marriage. The trial court dissolved the marriage; divided the property; awarded alimony to the petitioner; and awarded custody of the parties' minor daughter to the respondent. The respondent has appealed and contends the award of alimony and the division of the real property was erroneous.

The parties were married on October 20, 1956. They have three children, two of whom have reached their majority. Rhonda Sue, the youngest child, is now 15.

The petitioner is not a high school graduate and has no particular training or skills. During the marriage she worked as a babysitter in her home for several children. At the time of trial she had a

temporary job earning $3.25 per hour.

The respondent has been employed as a postal clerk for over 13 years. At the time of trial his annual salary was approximately $17,000.

The major asset owned by the parties was their home and surrounding acreage. Its appraised value at the time of trial was $69,000, subject to a mortgage in the amount of approximately $36,000. The parties had accumulated household goods which the petitioner valued at $15,000. The respondent estimated their value at $2,000.

The trial court awarded custody of the couple's minor child, Rhonda Sue, to the respondent and awarded him the use of the family residence until Rhonda Sue ceased to live on the property or until June 1, 1983, whichever event occurred first. During this period, the respondent was ordered to keep the premises in good repair and pay all taxes and insurance premiums. Upon the occurrence of either event, the property was to be sold. The remaining encumbrances on the property, the expenses of the sale, and the principal payments on the mortgage made by the respondent between the date of the judgment and the sale were to be deducted from the proceeds of the sale. One-half of the money remaining from the proceeds of the sale was to be paid to the petitioner.

In addition to her share in the proceeds from the sale of the family residence, the petitioner was awarded $9,500 in permanent alimony, payable at the rate of $100 per month, until the sale of the residence, with the balance then due to be paid in full at the time of the sale of the realty. The petitioner was also awarded a few of the household goods.

The respondent contends the trial court should not have awarded alimony to petitioner and that the award which was made was excessive. He further contends that the division of the real property was patently unfair.

The rules for determining the division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. Such awards are to be determined by the facts in each case. Matlock v. Matlock, *ante* p. 357, 287 N. W. 2d 690 (1980). The fixing of alimony rests in the sound discretion of the District Court and will not be disturbed on appeal in the absence of an abuse of discretion. Ulmer v. Ulmer, *ante* p. 351, 287 N. W. 2d 685 (1980). In a proper case, the division of property and the matter of alimony may be considered together. Ragains v. Ragains, 204 Neb. 50, 281 N. W. 2d 516 (1979).

When considered together, we find no error in the division of property and the award of alimony which was made in this case. The alimony which was awarded to the petitioner equalized the division of the property and was not an abuse of discretion by the trial court.

The judgment of the District Court is affirmed and the petitioner is awarded $350 for the services of her attorney in this court.

AFFIRMED.