GERALDINE M. LISS, APPELLEE, v. PETER J. LISS, APPELLANT.

294 N. W. 2d 341

Filed July 1, 1980. No. 42813.

Louis M. Leahy of Leahy & Render, for appellant.

Charles I. Scudder, for appellee.

Heard before McCOWN and WHITE, JJ., and COLWELL, STANLEY, and SPRAGUE, District Judges.

STANLEY, District Judge.

This is an action for dissolution of marriage. The District Court for Douglas County, Nebraska, entered its decree dissolving the marriage, granting custody of the minor child to the wife, dividing the property, and granting alimony to the wife. The husband has appealed, challenging the property division and alimony provisions of the decree.

The parties were married on July 28, 1955. They had two children, only one of whom was still a minor at the time the wife filed the petition for dissolution of the marriage on January 5, 1979. The minor child, Corey, was born October 1, 1968.

The husband, who was 55 years old at the time of trial, is physically disabled from cardiac disease and has not worked since October 21, 1976. He has received disability payments under the Social Security Act since May 1977. During the course of the marriage, the wife was a homemaker and mother and handled the family finances.

The wife, who was 45 years old at the time of trial, has a high school degree and, at the time of trial, was enrolled in a CETA financial business course in order to qualify herself for a job. She had gross earnings of $416 per month from the CETA job. At the time of trial, the husband's fixed income was $385.40 derived from Social Security disability and $116 from his pension at Swift & Company, for a total of $501.40 per month.

During the marriage, the parties acquired a residence and personal property. The assets accumulated were from the husband's wages, social security benefits, and a pension income. At the

time of trial, the residence was valued at approximately $28,900, subject to a mortgage of $9,090. Accumulated savings amounted to $32,146.70.

The decree of the District Court granted custody of the minor child to the wife and relieved the husband of any obligation to make child support payments, due to his disability, but preserved the minor child's right to receive payments of $161.60 per month under the Social Security Act based on the husband's disability.

The decree also made a division of the property which awarded to the wife the parties' residence, subject to the encumbrance and a lien in favor of the husband in the amount of $9,000 with interest at 8 percent per annum. This divided the equity in the home equally between the parties. The decree also awarded the wife the household furnishings valued at $1,500, cash of $14,800, a 1970 Valiant automobile worth $1,000, and alimony of $2,850 payable $125 per month for 18 months and, thereafter, $100 per month for 6 months.

The decree awarded the husband cash of $18,146.70, an interest in the residence of $9,000, and a 1974 Pinto automobile purchased by the husband after the petition for dissolution was filed.

The record establishes that the net value of the property distributed in kind was approximately $55,256. Of that total net value, the wife received $28,110 and the husband received $27,146. In addition to the property division, the wife received $2,850 alimony which increases her net share to $30,960.

It seems obvious that, in making the award of alimony, the trial court felt it would provide for a retraining period for the wife. Also, where the husband was relieved from any obligation to make child support payments, the wife had the responsibility of adequately providing for the minor child until he reaches majority. To provide this care, it would be necessary for her to be adequately prepared in

the job market.

The division of property and the issue of alimony may be considered together. They are to be determined upon a consideration of all the facts and circumstances. *Sullivan v. Sullivan,* 192 Neb. 841, 224 N.W.2d 542 (1975).

In the present case, excluding alimony, the trial court divided the property as equally as possible. The alimony award is fair under the facts and circumstances of this case.

The fixing of alimony or distribution of property rests in the sound discretion of the trial court and, in the absence of an abuse of discretion, will not be disturbed on appeal. *Rinderknecht v. Rinderknecht,* 204 Neb. 648, 284 N.W.2d 569 (1979). The award of alimony and division of property in the present case were not patently unfair on the record, nor was there any abuse of discretion on the part of the trial court.

The judgment of the District Court is affirmed. The wife is awarded a fee of $500 for the services of her attorney in this court.

AFFIRMED.