RUTH I. CHRISP, APPELLANT, V.
DEAN E. CHRISP, APPELLEE.

299 N.W.2d 162

Filed December 1, 1980. No. 42901.

Schaper & Schaper and James B. Luers of Wolfe, Hurd & Rierden for appellant.

Tedd C. Huston, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal in a marriage dissolution case. The District Court dissolved the marriage, awarded appellant custody of the parties' 17-year-old son, awarded each party all property titled in his or her own name, and ordered appellee to pay $13,789 to appellant. On appeal, the appellant assigns as error the District Court's division of property as being patently unfair on the basis of the evidence presented and the District Court's failure to restore to appellant her inherited property or otherwise compensate her in any way for her substantial contribution to the marriage. We affirm in part and, in part, reverse and remand.

The parties were married in 1950. Neither party brought any money or property into the marriage. For 3 years, the parties lived on and farmed property owned by appellant's father. In 1953, the parties purchased a quarter section of land on which they lived and farmed. Several years later, the appellant inherited approximately 520 acres of land. The inheritance gave rise to marital difficulties. In 1969, the appellee conveyed to appellant his interest in their jointly acquired quarter section of land and appellant quitclaimed to appellee her entire interest in 360

acres of the land which she had inherited. These transfers were done in an attempt to reconcile the marriage. From that time until the date of this action in 1977, each party maintained his or her own property and separate accounts. In 1970, the parties sold their jointly owned farm equipment and livestock and divided the proceeds. Appellant purchased a house and invested the remainder of her share. The appellant, the appellee, and their minor child lived in the house purchased by appellant until the date of the divorce. Appellee purchased 600 acres of land with his share of the proceeds during this period.

The division of property in 1970 resulted in each party owning approximately one-half of the property acquired up to that time. The agreement between the parties to divide their property was not unconscionable. At the time, both parties agreed that the division was fair and equitable and, for that reason, the trial court adopted it. Because the division was equitable, it will not be disturbed on appeal. The property titled in each parties' name as a result of that division will remain the separate property of each and is not considered in the division of marital property by this court. The 160 acres referred to as the Bartak quarter, and the 160 acres of inherited property not transferred to appellee were awarded to appellant as her separate property. The 360 acres transferred to appellee by appellant in 1969 was awarded to appellee as his separate property. That part of the trial court's decision that each party retain property titled in his or her own name is affirmed.

The only property subject to division upon divorce is property acquired by these parties after 1970. The trial court excluded this property in the division of the marital estate and its decision is, therefore, in part, reversed.

Even though the parties had divided their property and managed their financial affairs separately, they remained married to each other and the appellee con-

tinued to live in appellant's home until 1977. We have held that there is no mathematical formula by which property awards can be precisely determined, but they are to be determined by the facts in each case. *Matlock v. Matlock*, 205 Neb. 357, 287 N.W.2d 690 (1980). Neb. Rev. Stat. § 42-365 (Reissue 1978), the statute then in effect, provided that the spouse providing the financial consideration for property acquired during the marriage is not entitled to that property to the exclusion of the spouse providing consideration in the form of domestic support. *Matlock v. Matlock, supra.* The property acquired by both parties between 1970 and 1977 constitutes the property to be considered in the marital estate in this case. This includes the residence in Arnold, Nebraska, valued at $34,500, the 600 acres acquired by appellee in 1971 and 1972 valued at $257,330, and the 1.84 acres purchased by appellee valued at $17,500. The total value of the marital estate to be divided is $309,330.

In determining what percentage of the marital estate each person is to receive, the court is to consider all pertinent facts in reaching an award that is just and equitable. *Matlock v. Matlock, supra; Pfeiffer v. Pfeiffer*, 203 Neb. 137, 277 N.W.2d 575 (1979). We have stated that in a marriage of long duration, and where the parties were parents of all children involved, an award of one-third to one-half of the property is equitable. *Knigge v. Knigge*, 204 Neb. 421, 282 N.W.2d 581 (1979). In all instances, the division must take into consideration the circumstances of the parties, the duration of the marriage, contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities. *Matlock v. Matlock, supra; Campbell v. Campbell*, 202 Neb. 575, 276 N.W.2d 220 (1979).

The record shows that both appellant and appellee have individually and jointly contributed property and other valuable services to the marriage. Because

the marriage lasted for 27 years and both parties did contribute substantially to the acquisition of a marital estate, each party is entitled to one-half of the value of the property included in that estate. The decision of the District Court is, in part, reversed and remanded with directions that the property listed as the marital estate and valued as listed be divided equally between the parties. Each party is entitled to retain the property titled in his or her own name and in his or her possession and appellee is ordered to pay $120,165 to appellant in 10 annual installments of $12,016.50. This amount represents one-half the difference between the property in appellant's possession and that in appellee's possession.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.

KRIVOSHA, C.J., concurring, in part, and, in part, dissenting.

I concur, in part, and, in part, I dissent from the majority. I concur in that portion of the majority opinion which affirmed the trial court's decision that each party retain property titled in his or her own name.

I dissent, however, from that portion of the majority opinion which orders the appellee to pay to the appellant an additonal $120,165. We have frequently declared that this court is not inclined to disturb the division of property by the trial court unless it is patently unfair on the record. *Rinderknecht v. Rinderknecht*, 204 Neb. 648, 284 N.W.2d 569 (1979); *Blome v. Blome*, 201 Neb. 687, 271 N.W.2d 466 (1978).

The distribution of property and fixing of alimony rest in the sound discretion of the District Court and, in the absence of an abuse of discretion, will not be disturbed on appeal. *Phillips v. Phillips*, 200 Neb. 253, 263 N.W.2d 447 (1978); *Ritter v. Ritter*, 205 Neb. 668, 289 N.W.2d 526 (1980); *Van Cleave v. Van Cleave*, 201 Neb. 211, 266 N.W.2d 900 (1978).

Neither the majority opinion nor the record in this case indicates how the trial court's decision was patently unfair on the record. While the parties retained the formal appearance of marriage after they divided their property in 1970, for all practical purposes they were no longer married and conducted both their financial affairs and their private lives as if they were separate. Based upon what record we have before us, I find no justification in penalizing the appellee for his diligence with that portion of the estate which he received by reason of the parties' voluntary division in 1970. I would have affirmed the trial court's action in its entirety and not attempted to second-guess the trial court, who had the opportunity to see and observe and hear the various witnesses.

CLINTON, J., joins in this concurrence and dissent.