BETTY ANN MCBRIDE, APPELLEE AND CROSS-APPELLANT,
v. GLEN MCBRIDE, APPELLANT AND CROSS-APPELLEE.

319 N.W.2d 72

Filed May 7, 1982. No. 43978.

E. Terry Sibbernsen of Welsh, Sibbernsen & Bowen, for appellant.

Warren S. Zweiback of Zweiback, Kasher, Flaherty & DeWitt, P.C., for appellee.

Heard before BOSLAUGH, MCCOWN, WHITE, and CAPORALE, JJ., and FINN, D.J.

FINN, D.J.

Glen McBride, respondent-appellant herein, has appealed to this court from a decree entered by the District Court of Douglas County, Nebraska, dissolving the marriage of the petitioner, Betty Ann McBride, and respondent, Glen McBride. In its decree entered on November 13, 1980, the trial court found that the marriage between the parties was irretrievably broken, and dissolved the marital relationship. The trial court in its decree awarded the residence of the parties, located at 1036 South 35th Street, Omaha, Nebraska, an undivided one-half interest to petitioner and an undivided one-half interest to respondent. The petitioner was awarded a 1977 Chevrolet Caprice automobile; a $2,000 certificate of deposit, together with interest thereon; a $900 checking account in petitioner's name; all furniture and fixtures located at 1036 South 35th Street, Omaha, Nebraska; and other personal, tangible, or intangible property now in her possession. The respondent was awarded a 1978 Chevrolet pickup truck; $1,800 in a checking account maintained in his possession; a silver coin collection in his possession; and other personal, tangible, or intangible property in his possession. The respondent was ordered to pay to petitioner for the rest of her natural life the sum of $300 per month, payable $300 commencing on the 10th day of November 1980, and $300 on the 10th day of each month thereafter until the death of petitioner.

In his brief on appeal, Glen McBride makes the

following assignments of error: (1) The trial court erred in awarding petitioner $300 per month alimony for an indefinite period of time; and (2) The trial court erred in awarding an excessive amount of alimony in light of the circumstances of the parties.

The petitioner, Betty Ann McBride, in her brief on cross-appeal, makes the following assignments of error: (1) The District Court erred in awarding to the wife less alimony than is appropriate in light of the circumstances of the parties; (2) The District Court erred in failing to consider the husband's fully vested interest in his pension plan as a marital asset and in failing to award to the wife the appropriate share thereof; and (3) The District Court erred in failing to return to the wife compensation for the inheritance received by her from her mother less than 2 years prior to the separation of the parties.

The factual background of this appeal, as revealed in the record, indicates that the parties were married in Lincoln, Nebraska, on January 13, 1952, and as of the date of the trial they had been married for 28 years. Two children were born of this marriage. Both children are over 19 years of age. One child, Michael, is approximately 25 years of age and is classified as incompetent by reason of mental retardation. The court awarded the care, custody, and control of Michael to respondent. Petitioner was 17 years of age at the time of the marriage of the parties. She worked from the date of the marriage up until 1956, when the oldest child was born. She then returned to work in 1969 and has worked continuously. She is presently employed at a men's clothing store in Omaha, Nebraska, and her gross earnings for the past 5 years are as follows: 1975, $5,684.99; 1976, $6,717.55; 1977, $7,354.68; 1978, $8,320.41; and 1979, $9,139.41. Her present gross pay is $751.67 per month; her net take-home pay is $516.49. The record reveals that the assets of the parties consisted of a house, the stipulated value of

which was $25,000; a 1978 Chevrolet pickup valued by the respondent at $4,000; a 1977 Chevrolet automobile valued by the respondent at $4,000 and by the petitioner at $2,400; miscellaneous household goods and furnishings, value unknown; and a certificate of deposit at Commercial Federal Savings and Loan Association in the amount of $2,000. The parties had no debts. Petitioner testified that as of July 15, 1980, she had accumulated $1,082 in a checking account in her name alone.

Respondent testified that he was 50 years of age at the time of trial, presently employed as an over-the-road truckdriver for Metz Baking Company, and has been so employed for approximately 25 years. According to the 1979 joint income tax return of the parties, the respondent's gross income for 1979 was $21,267.30.

The most valuable asset of the parties at the time of trial was Glen's interest in his then fully vested pension fund. Among his benefits under this plan would include his right to draw a minimum of $675 per month when he reaches the age of 60 for the first year of retirement, should he elect to retire; to draw a minimum of $725 per month in his second year of retirement; and a minimum of $775 per month thereafter for life.

Although alimony and allocation of property rights are distinguishable and have different purposes in marriage dissolution proceedings, they are still closely related in the matter of determining the amount to be allowed, and circumstances may require that they be considered together to determine whether the court has abused its discretion. *Olson v. Olson,* 195 Neb. 8, 236 N.W.2d 618 (1975). See, also, *Burton v. Burton,* 205 Neb. 865, 290 N.W.2d 658 (1980); *Ragains v. Ragains,* 204 Neb. 50, 281 N.W.2d 516 (1979); *Sullivan v. Sullivan,* 192 Neb. 841, 224 N.W.2d 542 (1975); *Kullbom v. Kullbom,* 209 Neb. 145, 306 N.W.2d 844 (1981).

In determining what percentage of the marital estate each person is to receive, the court must consider all pertinent facts in reaching an award that is just and equitable. *Chrisp v. Chrisp,* 207 Neb. 348, 299 N.W.2d 162 (1980); *Matlock v. Matlock,* 205 Neb. 357, 287 N.W.2d 690 (1980); *Kullbom v. Kullbom, supra.* The court, in dividing the property, must take into consideration the circumstances of the parties, the duration of the marriage, the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment. Neb. Rev. Stat. § 42-365 (Cum. Supp. 1980). See, also, *Buker v. Buker,* 205 Neb. 571, 288 N.W.2d 732 (1980); *Kullbom v. Kullbom, supra.*

Glen's assignment of error is concerned with the trial court's award of $300 per month alimony for an indefinite period of time or for the life of petitioner. Betty assigns as error on her cross-appeal that the District Court erred in awarding not enough alimony, in failing to consider the husband's full vested interest in his pension plan as a marital asset, and in failing to return to Betty her inheritance received by her from her mother less than 2 years prior to the separation of the parties.

In *Kullbom v. Kullbom, supra,* this court approved three methods for dealing with pension funds, the first being that the court could consider the amount of the employee's contribution to the fund, plus interest, and award the wife an appropriate share. Second, the trial court could attempt to calculate the present value of the employee's retirement benefits when they vest under the plan. Under either of the first two methods, the trial court would have the discretion to order the payment to the wife of her share in either a lump sum or in installments, depending primarily on the other assets and relative financial

positions of the parties. The third method referred to by the court is to determine a fixed percentage for the wife of any future payments the husband receives under the plan, payable to her as, if, and when paid to the husband.

This court on numerous occasions has held that alimony and allocation of property rights are distinguishable and have different purposes in marriage dissolution proceedings, but they are still closely related in the matter of determining the amount to be allowed, and circumstances may require that they be considered together to determine whether the court has abused its discretion. In the case at hand, it appears that the trial court, after considering the circumstances of the parties, the duration of the marriage, the history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment, felt that Betty was entitled to alimony, and in this we concur. However, had Glen not acquired a fully vested pension plan as described basically herein, it is doubtful the trial court would have awarded Betty $300 per month alimony for the remainder of her life. It appears obvious to this court that the trial court felt that respondent could well afford, with his present income of $21,267.30 per year, to pay alimony in the sum of $300 per month to Betty until such time as he reached retirement age.

This court has held in previous decisions that the trial court must include as part of the marital estate, for the purpose of division of property and/or the assessment of alimony, any pension plans, retirement plans, annuities, and other deferred compensation benefits owned by either party, vested or not vested. It seems apparent that the trial court must have considered Glen's pension fund in its

award of alimony or the trial court would not have extended the $300 per month alimony payment for the life of Betty. The record reflects that if Glen retires at age 60, he would draw a minimum of $675 per month, which would increase to $725 per month the second year, and $775 per month thereafter for his lifetime. It appears that Glen can well afford to make the $300 per month alimony payment from the pension income after his retirement.

We are of the opinion that the trial court's method of considering Glen's pension fund by awarding alimony to Betty in the amount of $300 per month for her lifetime falls within the approved method set forth in *Kullbom v. Kullbom,* 209 Neb. 145, 306 N.W.2d 844 (1981).

We do not feel that the trial court erred in awarding Betty $300 per month alimony for an indefinite period of time or that the award was excessive when it appears obvious from the record that the trial court considered Glen's pension fund for making this award.

With regard to Betty's assignments of error in her brief on cross-appeal, we do not feel that the trial court erred in awarding to Betty less alimony than was appropriate in light of the circumstances. We do not find that the trial court erred in failing to consider the husband's fully vested interest in his pension plan as a marital asset, because it appears evident that the trial court did consider Glen's pension plan when making an award of alimony. We also do not feel that the trial court erred in failing to return to Betty her inheritance received from her mother less than 2 years prior to the separation of the parties, for the reason that it appears from the record that the trial court took this into consideration when dividing the assets of the parties and making an award of alimony to Betty.

For the foregoing reasons, we do not feel that the trial court abused its discretion in either dividing

the property of the parties or assessing alimony, and, therefore, the decree entered by the trial court should be and hereby is affirmed.

We are of the opinion that the petitioner should receive an additional $500 for the services of her attorney on appeal to this court.

AFFIRMED.

McCOWN, J., concurs in the result.