LOUISE E. REDMOND, APPELLANT AND CROSS-APPELLEE, V. JAMES L. REDMOND, APPELLEE AND CROSS-APPELLANT.

311 N.W.2d 517

Filed October 23, 1981. No. 43742.

Kurt T. Rager and Leamer Law Office for appellant.

Maurice S. Redmond for appellee.

Heard before BOSLAUGH, CLINTON, BRODKEY, and WHITE, JJ., and HOWARD, District Judge.

HOWARD, District Judge.

Petitioner appeals from that portion of a decree in dissolution of her marriage appointing a referee to sell all the personal property and granting her 60 percent of the net proceeds, assigning as error that the requirement of a sale rather than a division in kind is unfair and abusive of discretion, and that she should be awarded a greater proportion of the personal property. Respondent cross-appeals, contending that he is entitled to 50 percent, rather than 40 percent, of the personal property.

The record insufficiently details the personal property and fails to show values. It apparently consists of household furniture, some of which is encumbered, appliances and utensils, a 1978 Ford automobile purchased on an installment sale contract, a promissory note of $5,300 given by respondent to petitioner before the marriage, life insurance policies, and other miscellaneous items.

The trial court also awarded the family home to the petitioner, subject to the mortgage which she was directed to pay, and clothing and personal effects to the parties in possession. The fairness of these awards is not questioned by either party. At the time of the marriage in 1974 the petitioner owned the house, full of furniture, a supermarket, where respondent worked on a salary until he suffered a stroke in 1975, and an automobile which was traded in for the 1978 Ford in question. Since being disabled, respondent has received Social Security and insurance payments, and $18 per week painting signs for a local grocery store. During

the marriage, before his stroke, respondent made payments of $300 per month for child support and alimony from a previous marriage. It appears that respondent has made some payments on the furniture, the automobile, and insurance policies, as well as house payments for "quite a few years." Precision is lacking throughout the evidence. Petitioner acknowledges that respondent is entitled to "something," and respondent argues that he should receive 50 percent, not 40 percent, of the personal property. This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. *Tavlin v. Tavlin*, 194 Neb. 98, 230 N.W.2d 108 (1975). We cannot say, on this record, that the division was patently unfair.

The record discloses that very little assistance was given to the trial court by counsel in the task of evaluating the marital estate. The trial court's decision requiring a sale of all personal property can be understood, but we are of the view that, given the nature of the personal property and the encumbrances, the portion of the decree appointing a referee to sell the personal property should be modified to require the referee to itemize the values and determine the encumbrances and report them to the court for further order.

Accordingly, the decree is affirmed in all respects, except that the portion thereof appointing the referee is modified to provide that the referee shall inquire into the nature and values of the various items of personal property and the encumbrances thereon and report the same to the court for further order, which, so far as is practicable, shall divide the property in kind.

AFFIRMED AS MODIFIED.