DIANE HAASE, APPELLEE, V.
VIRGILEE HAASE, APPELLANT.

314 N.W.2d 270

Filed January 8, 1982. No. 43632.

Miles W. Johnston, Jr., of Johnston, Barber & Wherry for appellant.

Blevens, Blevens & Jacobs for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and STANLEY, District Judge.

STANLEY, District Judge.

Virgilee Haase has appealed from an order of the District Court of Butler County, Nebraska, dissolving the marriage and ordering certain personal property sold to satisfy debts, with the net proceeds to be divided between the parties. We affirm as modified.

Appellant assigns as error the inclusion in the order of sale certain motor vehicles he brought into the marriage and furniture given the parties by his parents subject to indebtedness by the parents.

Personal property and debts were the only issues. The trial court found that the evidence of value and preference was insufficient to divide the personal property and assignments of debts, and gave the parties 30 days to enter into an agreement with respect to the personal property and debts, reserving to each of the parties their clothing and personal effects. The record details, by affidavit, all of the personal property of the parties. In lieu of a settlement agreement a referee was appointed to sell all property owned by the parties within 90 days

of the date of the decree. After deductions for expenses of the sale, court costs, and current debts of the parties, the net proceeds were to be divided equally between the parties. The parties did not reach agreement and appeal was perfected with a supersedeas bond of $5,000 posted.

The parties were married September 1, 1979, and no children were born to the marriage. The wife filed for dissolution on December 5, 1979. During the marriage both parties were employed, with the wife earning $3.75 per hour and the husband with an earning capacity of approximately $7 per hour; however, he was laid off work at the time of trial. Appellee testified that, while they were married for 3 months, they had lived together for a year to a year and a half. During this period of time appellee was primarily responsible for the support of both parties, including rent, food, and clothing.

In a proceeding for dissolution of marriage the distribution of property rests in the sound discretion of the trial court. *Phillips v. Phillips*, 200 Neb. 253, 263 N.W. 2d 447 (1978). The rules for determining a division of property in a dissolution provide no mathematical formula by which awards can be precisely determined, and ordinarily the court will consider all pertinent facts in reaching a just and equitable settlement. *Matlock v. Matlock*, 205 Neb. 357, 287 N.W.2d 690 (1980); *Rinderknecht v. Rinderknecht*, 204 Neb. 648, 284 N.W.2d 569 (1979). As we noted in *Redmond v. Redmond*, 209 Neb. 745, 311 N.W.2d 517 (1981), the trial court's decision requiring a sale of all personal property can be understood, but we are of the view that, given the nature of the personal property and the encumbrances, the portion of the decree appointing a referee to sell the personal property should be modified to require the referee to itemize the values and determine the encumbrances and report them to the court for further order.

Accordingly, as in *Redmond*, the decree is affirmed

in all respects, except that the portion thereof appointing the referee is modified to provide that the referee shall inquire into the nature and values of the various items of personal property and the encumbrances thereon and report the same to the court for further order, which, so far as is practicable, shall divide the property in kind.

AFFIRMED AS MODIFIED.