CARL E. MATHIAS, APPELLEE, V. ANGELA L. MATHIAS, APPELLANT.

234 N. W. 2d 212

Filed October 30, 1975. No. 39899.

William W. Lyons of Russell, Colfer, Lyons & Wood, for appellant.

Fred T. Hanson of Hanson & Hanson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an action for dissolution of marriage filed September 13, 1973, by Carl E. Mathias, petitioner-appellee. The trial court dissolved the marriage. Respondent-appellant, Angela L. Mathias, prosecutes this appeal. She assigns as error the finding that the marriage is irretrievably broken and the inadequacy of the property division and permanent alimony. We affirm.

Carl and Angela were married June 1, 1941. The only child born to the parties is now of full age and self supporting. Respondent is 55 years of age. She is a college graduate and for a short time during the early years of the marriage taught school. She suffers from a bronchial condition called bronchiectasis, or a chronic infection in one lung. Her occupation has been that of housewife through the course of most of the marriage.

Carl is employed as an engineer for the United States Bureau of Reclamation. His salary at the time of the trial was approximately $19,000 per year. At the time of the trial he was 57 years of age. He had not lived in the family home for 4 years prior to the filing of the action herein. For the first year and a half he lived in a motel and for the next two and a half years in a trailer court. During the period, however, he continued to help with household repairs although the parties maintained separate residences.

On January 2, 1974, evidence was adduced on respondent's motion to determine whether or not the marriage was irretrievably broken. The court made no finding on that fact but sustained the motion of the respondent that the parties be referred to a marriage counselor. On March 26, 1974, the court ordered that the parties to said action report to a marriage counselor at the Southwest Nebraska Mental Health Clinic on April 1, 1974, for

counseling. Upon request of respondent's attorney her appointment with the marriage counselor was continued on several occasions.

On May 9, 1974, the Southwest Nebraska Mental Health Clinic reported to the trial court that after 20 years of a chronically disturbed marriage Mr. Mathias remains adamant in his wish to finalize the divorce.

The case was finally set for trial on June 28, 1974. The trial court made a fact determination that the marriage was irretrievably broken. We are in full agreement with this conclusion. It is fairly evident to us that the marriage is irretrievably broken and the trial court was very tolerant of respondent's procrastination. When a personal relationship with another under the institution of marriage has deteriorated to the point that the parties can no longer live together the marriage is irretrievably broken.

The values on the property of the parties were determined by a real estate man agreed on by the parties, and no exception has been taken to his valuations. Using those valuations, petitioner received a net distribution of $26,804.65 whereas respondent received a net distribution of $30,595.30, or approximately 53 percent of the ascertainable net worth of the parties. Additionally, petitioner has a small interest in some farm land in Missouri, whereas respondent is the joint owner of approximately 800 acres of Kansas farm land. The property division is well within the limits heretofore suggested by this court, and there is no merit to the respondent's assignment.

As we suggested in Schwaninger v. Schwaninger (1974), 192 Neb. 681, 223 N. W. 2d 829, a judgment of a trial court making a distribution of property will not be disturbed on appeal unless good cause is shown.

In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criteria under section 42-365, R. R. S. 1943, as well as under the decisions of this court, is one of reason-

ableness. The relevant considerations may vary from case to case. However, this court is committed to the rule that the fixing of the amount of alimony rests in each case within the sound discretion of the trial court. Young v. Young (1974), 192 Neb. 735, 224 N. W. 2d 361. We conclude that there was no abuse of discretion in the allowance of $300 per month for 15 years. No purpose will be served by discussion in detail of the arguments of the parties.

The judgment of the trial court is affirmed. Costs are taxed to appellee, including a $300 attorney's fee for services in this court.

AFFIRMED.

CLINTON, J., concurs in the result.