ROBERT B. BAIRD, APPELLEE, V. PAULINE M. BAIRD, APPELLANT.

241 N. W. 2d 543

Filed May 5, 1976. No. 40486.

Philip M. Kneifl and Charles O. Forrest of Kneifl, Kneifl & Forrest, for appellant.

William J. Brennan Jr., for Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for dissolution of a marriage. The trial court dissolved the marriage and divided the property of the parties. The respondent wife has appealed and contends the trial court erred in failing to award alimony to her.

The parties were married in 1941 and have one child who is 30 years of age and self-supporting. The petitioner is a linoleum mechanic, 57 years of age. His income is approximately $12,000 per year. The re-

spondent is 55 years of age and has been employed by a division of the Stanley Tool Company for 26 years. Her gross income per year is now slightly less than $12,000, although she has earned as high as $18,000 per year. Both parties have some health problems.

The trial court valued the property of the parties at approximately $48,300. The respondent received over $27,000 in the division of the property including the residence which was valued at $20,000. The petitioner received approximately $21,000. The respondent makes no complaint concerning the property division.

The respondent cites Albrecht v. Albrecht, 190 Neb. 392, 208 N. W. 2d 669, and Mathias v. Mathias, 194 Neb. 598, 234 N. W. 2d 212, in support of her contention that she should have received an award of alimony. In the Albrecht case the wife was prevented from working because of her health. In the Mathias case the wife suffered from a chronic lung infection and had not worked during most of the marriage.

One of the factors to be considered in determining whether an award of alimony should be made is the ability of the supported party to engage in gainful employment. § 42-365, R. S. Supp., 1974. The record in this case indicates the respondent is able to work and in the past she has demonstrated a greater earning capacity than the petitioner.

The respondent did not want the residence sold. The residence was awarded to the respondent and, as a consequence, the petitioner received a greater share of the liquid assets. During a part of the time while the action was pending the respondent was able to allocate $60 per week from her salary to a savings account.

In determining whether alimony should be awarded, the ultimate test is one of reasonableness. Mathias v. Mathias, supra. As we view the record, the facts in this case do not support the respondent's contention that she was entitled to an award of alimony in addition to the share of the marital property she received.

The judgment of the District Court is affirmed. No additional allowance is made for the fees of the respondent's attorney in this court.

AFFIRMED.

CLINTON, J., participating on briefs.