WILLIAM HENRY STEELE, APPELLEE, V. LORRAINE
C. STEELE, APPELLANT.

270 N. W. 2d 903

Filed October 25, 1978. No. 41625.

Robert M. Harris, for appellant.

P. J. Heaton, Jr., for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BRODKEY, J.

Lorraine C. Steele has appealed to this court from a decree entered by the District Court for Kimball County in a marriage dissolution action. The court entered a decree dissolving the marriage on May 19, 1976, but reserved questions of alimony, division of property, attorney's fees, and court costs for a later hearing. These latter items were dealt with by the decree of the court entered on September 2, 1976, and Lorraine thereafter perfected her appeal to this court. In her brief on appeal, appellant makes three assignments of error. First she claims the division of the property by the trial court was unreasonable and unfair; second, she alleges that the court erred in not awarding her savings account and a checking account standing in her name alone to her as her

separate property; and third, that the court erred in permitting the appellee, William Henry Steele, to have the option of paying the $7,800 awarded to Lorraine by the court either in cash within 10 days of the decree, or in the alternative to pay her the sum of $1,800 within 10 days of the decree, with further annual payments of $2,000 each due on or before January 11, 1977, 1978, and 1979, without requiring appellee to pay interest thereon. We modify the decree of the court in the respects hereinafter indicated, and otherwise affirm its judgment.

The somewhat unusual facts of this case must be noted. The parties were married on January 7, 1969. The marriage lasted for approximately 7 years, having been terminated by the decree of May 19, 1976. It was the second marriage for both. No children were born to this marriage but both had children by prior marriages. At the time of their marriage in 1969, William was 79 years of age, and Lorraine was 54. They were 86 and 61 years of age respectively when the marriage was dissolved. Prior to their marriage, Lorraine had been employed in taking care of elderly and ailing persons in their home. She brought little property into the marriage, the principal asset being a used automobile which she has retained. William owned a farm in Kimball County, Nebraska, which he personally farmed until September 1972, at which time he sold the farm on land contract and purchased a house in Kimball, Nebraska. The funds for the purchase of the home were provided exclusively by William from the sale of the farm; and the title to the farm was originally in his name, although later, at her insistence, was placed in both their names as joint tenants. Other than the above, there was no other property accumulated by them other than what they owned at the time of the marriage. Just before they were married, William paid off two of Lorraine's personal obligations, totaling approximately $600. It

further appears that subsequently, Lorraine became disabled with a back ailment in 1970, and in 1971 received from social security a lump sum payment of $1,000 for past payments due her in 1970. She retained this payment for her own use. She has since received monthly social security payments due to her disability. During the marriage Lorraine performed ordinary household duties of a farm wife, including the preparation of meals for herself and her husband, and on occasions for farm help employed to assist in the harvesting of the crops. On at least two occasions during the marriage, William became ill and was forced to go to the hospital, but most of his care was taken care of in the hospital itself, although Lorraine also assisted when he returned home from the hospital. Also, in the later years, she acted as chauffeur for her husband, driving him around in the automobile when it was necessary for him to make trips.

Lorraine testified that before she married William she had expressed concern about her future financial well-being, and had even orally discussed the matter with William and his attorney. However, no prenuptial agreement was ever entered into. In its decree the court found that William owned property of the approximate value of $100,000. However, the largest single asset appears to be the land contract for the sale of the farm, with a balance remaining thereon in the amount of approximately $84,000 as of the time of the trial. Appellee's source of income at the present time appears to be annual payments in the amount of $4,500, plus interest, required by the terms of the contract to be made by the purchaser during the period of January 10, 1974, through January 10, 1983, with a final lump sum payment due January 10, 1984. Out of these annual payments, he is required to make payments due to the Federal Land Bank on its mortgage covering the farm in an unspecified amount.

In the decree of the trial court the appellant was awarded as her division of the property the sum of $12,800, less $5,000 previously given to appellant by appellee in two previous payments of $2,500 each; and the court entered a judgment of $7,800, representing the balance, payable at his option in either cash or installments, as previously set out. The court also awarded certain unpaid temporary and alimony payments in the sum of $1,050, which has already been paid, and an attorney's fee for her attorney in the sum of $600, and court costs. The court also awarded her the 1962 Fairlane Ford in her possession and also other personal effects in her possession, and further provided that the balance of the property should be the property of William.

We discuss first appellant's claim that the property award was unfair and unreasonable. The applicable statute for determining the award of alimony and division of property in dissolution cases is section 42-365, R. S. Supp., 1978. That section reads in pertinent part as follows: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party." In any event it appears that the criteria to be used in determining the amount to be awarded in a property settlement is what appears to be fair and equitable between the parties under the circumstances present in the case. Tavlin v. Tavlin, 194 Neb. 98, 230 N. W. 2d 108 (1975). In the totality of the circumstances present in the instant

case, we are not prepared to say that the trial court's property division award to Lorraine was unreasonable or unfair. As previously stated, this was the second marriage for both parties. She had little other than her automobile before the marriage. He had what he accumulated as a farmer during his lifetime and he was 79 years of age at the time of the marriage. She was then 54. The marriage lasted only approximately 7 years. He supported her well during that time and provided her with a checking account which she could use as she wished, although it was her claim that she was only to draw checks for groceries. During the course of their marriage she received all her social security payments plus the $1,000 lump sum payment for past due installments all of which she devoted to her own use. He deposited his social security payments in their joint account. In return, she performed ordinary duties of a farmer's housewife, cooking only for the two of them except when they had an occasional hired hand. William did not complain about what she spent or how she performed her duties. When she left, she took everything with her she brought to the marriage plus an additional $6,000 or $7,000 which she had accumulated. She is presently employed at the rate of $35 or $40 per week. Besides paying off certain of her existing debts at the time of the marriage, he also gave her on two occasions the sum of $2,500 each or a total of $5,000 which she still has. Her present income is approximately the same as she had before the marriage including her social security, and in addition the court has awarded her an additional $7,800. William has less than when he married her, and his only source of income, in addition to his social security, are the payments from his farm contract sale at the rate of $4,500 a year, out of which he is required to make payments due to the Federal Land Bank. We cannot say that the division of the property by the court was patently unfair

to Lorraine; and we also point out that although review of these matters in this court is de novo, we have also held that we give weight to the fact the trial court had an opportunity to observe the parties and hear the witnesses.

Two further matters require attention. The decree of the trial court, which awarded Lorraine all "her personal effects" cannot be interpreted to include the bank accounts in Lorraine's name alone. The Arizona Supreme Court in the case of Hatch v. Jones, 81 Ariz. 5, 299 P. 2d 181 (1956), in defining the term "personal effects" has stated that: "* * * 'personal effects' almost invariably is interpreted to mean personal property having a more or less intimate relation with the person of the possessor such as wearing apparel, jewelry, or other items of property of like character." See, also, 32 Words and Phrases, Personal Effects, p. 418 et seq., and 1978 Pocket Part, p. 91 et seq. However, we note that during argument in this court and also in his brief on appeal, counsel for appellee has acknowledged William has no interest or claim to the bank accounts in Lorraine's name alone. We feel it would be both illogical and inequitable to consider the $5,000 given to Lorraine by William to reduce the property award by the court to Lorraine in the sum of $12,800 to a net of $7,800, and at the same time deny her her savings and checking accounts which represent this amount. We therefore modify the decree of the trial court to specifically provide that the bank accounts in question are to be the property of Lorraine.

It also appears that appellee does not desire to pay off any amounts due to Lorraine on an installment basis, as permitted in the court's decree, but intends to pay such amount in full forthwith. We therefore modify the decree of the court to provide that Lorraine shall receive interest on the balance due on the property award at the statutory rate of 8 percent per annum from the date of the issuance of the mandate

in this case until paid. We also award Lorraine an attorney's fee in the amount of $750 for services performed in this court, and the court costs are taxed to the appellee.

As modified, the decree of the trial court is affirmed.

AFFIRMED AS MODIFIED.