HAROLD D. AMEN, APPELLANT, V.
DESSIE W. AMEN, APPELLEE.

301 N.W.2d 74

Filed January 16, 1981.   No. 42997.

John J. Battershell of Cunningham Law Office, P.C., for appellant.

Mousel & Burger, P.C., for appellee.

Heard before BOSLAUGH, BRODKEY, and WHITE, JJ., and CASE and GARDEN, District Judges.

CASE, District Judge.

This was an action for dissolution of marriage filed in the District Court for Red Willow County, that court entering its decree on August 14, 1979, which included an award of alimony in the sum of $60,000, payable at the rate of $10,000 per year over a period of 6 years.

A brief history of the events leading up to the action is as follows: The petitioner-appellant, Harold D. Amen, was 53 years of age at the time of the marriage on November 28, 1975; and the respondent-appellee, Dessie W. Amen, was 42 years of age at that time. The opinion hereafter will refer to them as Harold and Dessie.

Harold and Dessie began living together in about May of 1973 and gradually commingled their funds from that point. The ceremonial marriage existed for 3½ years and was marked by a succession of sharp conflicts between the parties.

The issues on appeal are the abuse of discretion in awarding alimony, excessiveness of the award, and that the award was contrary to law.

This is the second marriage for each of the parties and there are no children involved. Dessie brought into the marriage cash in the sum of $2,400, a checking account in the sum of $1,100, equity in a residential property in the sum of $3,500, a divorce settlement in the sum of $7,500, and a 1973 Chrysler which had

a lien against it and which was subsequently paid off by Harold. In addition to this, she had miscellaneous items of furniture and appliances.

Harold's property at the time of the marriage had an approximate worth of $393,925.75. Dessie's property at the time of the marriage had an approximate value of $19,000. The combined properties would approximate $411,000.

The net worth of the parties at the time of the dissolution had increased an approximate 23 percent; it being established by the trial court in the sum of $528,194. There was some disagreement as to the methods used in valuation, but we accept the above figures for the purpose of this opinion.

Each of the parties relies on Neb. Rev. Stat. § 42-365 (Cum. Supp. 1980) as controlling and supporting his or her position. The statute, in substance, provides for allowance of alimony from one party to the other based on the following considerations: (1) The circumstances of the parties; (2) The length of the marriage; (3) The contributions by the parties; and (4) The ability of the supported party to engage in gainful employment.

During the marriage the parties purchased and operated a liquor store. This was disposed of prior to the dissolution action. Both parties participated in the operation of the liquor store, and this venture realized an income of approximately $46,000 during the 1½-year period that they owned it. The increase in assets otherwise came about through appreciation of the assets of Harold.

In addition to the alimony award, the court awarded Dessie a Cadillac automobile with a value of $7,200, subject to a lien of $2,700; $10,000 worth of jewelry; fur coats purchased by Harold with the approximate value of $5,000; plus furniture of lesser values.

From other decisions made by this court, we have applied the following criteria as being applicable here.

In determining whether alimony should be awarded, the ultimate test is one of reasonableness. See *Baird v. Baird*, 196 Neb. 124, 241 N.W.2d 543 (1976); *Steele v. Steele*, 201 Neb. 549, 270 N.W.2d 903 (1978).

Although the rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which division can be determined, the decision rests on the facts in each case and the sound discretion of the trial court. See *Campbell v. Campbell*, 202 Neb. 575, 276 N.W.2d 220 (1979); *Matlock v. Matlock*, 205 Neb. 357, 287 N.W.2d 690 (1980); *Lockwood v. Lockwood*, 205 Neb. 818, 290 N.W.2d 636 (1980); *Chrisp v. Chrisp*, *ante* p. 348, 299 N.W.2d 162 (1980).

In an appeal of an action for the dissolution of marriage, the Supreme Court is required to try the case de novo and reach independent conclusions on the issues presented by the appeal without reference to the conclusion or judgment reached in the District Court. See Neb. Rev. Stat. § 25-1925 (Reissue 1979); *Schuller v. Schuller*, 191 Neb. 266, 214 N.W.2d 617 (1974); *Barnes v. Barnes*, 192 Neb. 295, 220 N.W.2d 22 (1974); *Campbell v. Campbell, supra.*

A judgment of the trial court fixing the amount of alimony or making distribution of the property will not be disturbed on appeal in the absence of an abuse of discretion. See, *Pfeiffer v. Pfeiffer*, 203 Neb. 137, 277 N.W.2d 575 (1979); *Ragains v. Ragains*, 204 Neb. 50, 281 N.W.2d 516 (1979).

We have examined closely the value of the properties at the time of the marriage, the increase and sources of the values at the time of the dissolution, and the circumstances of the parties. We are of the opinion that the disposition as made by the trial court should be affirmed; our scrutiny of the record failing to find any abuse of discretion, excessiveness of the award, or that the same was contrary to law.

The judgment of the trial court is herewith affirmed, with the costs of the appeal taxed to petitioner. In

addition thereto, we find that a reasonable allowance in the sum of $1,000 should be fixed for the services of the respondent's counsel in this court, the same to be taxed to the petitioner as a part of the costs.

AFFIRMED.