RODNEY R. WATKINS, APPELLEE, V.
SUZANNE WATKINS, APPELLANT.

305 N.W.2d 894

Filed May 22, 1981. No. 43386.

P. M. Conley for appellant.

James E. Gordon and Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

This is an appeal in a proceeding for the dissolution of a marriage. The trial court dissolved the marriage, awarded custody of the minor children, divided the marital property, and awarded alimony and child support to the respondent wife.

The parties were married in 1960. They have two minor children: Rodney, Jr., born August 10, 1961, and Karen, born June 1, 1963. A third child has reached his majority and was not affected by this proceeding.

The trial court awarded joint custody of the minor children to both parties. Physical custody of Rodney, Jr., was placed in the petitioner with reasonable rights of visitation granted to the respondent. Physical custody of Karen was placed with the respondent for the first 6 months and with the petitioner for the next 6 months, the physical custody to alternate between the parties during each succeeding 6-month period and with reasonable rights of visitation granted to each party during the time physical custody is placed with the other party.

Child support in the amount of $150 per month was awarded to the respondent during the time that she has physical custody of Karen. The petitioner was required to maintain health and accident insurance on the children until each of them has reached the age of majority.

The parties owned a residence property which they stipulated had a value of $42,000 and was subject to a mortgage in the amount of approximately $9,400. The property had been purchased in February 1976 from the respondent's mother for $16,000. The purchase agreement required the parties to provide "room, board and care, except medical care, in the home" to the respondent's mother for her lifetime. The respondent's mother suffered a stroke in October 1976 and has not been cared for in the home since that date. The trial court awarded the residence property to the respondent, subject to a note and second

mortgage to the petitioner in the amount of $16,500. The note was to become due at the time Karen becomes 19, the property was sold, or upon the respondent's death or remarriage, whichever is sooner. The note was to draw interest from the date it became due. The respondent was required to make the mortgage payments on the property.

The respondent was awarded alimony in the amount of $200 per month for 28 months, and thereafter in the amount of $100 per month for 32 months.

The respondent has appealed and contends that the child support and alimony which were awarded to her were inadequate and that provisions in regard to the residence property were erroneous.

At the time of trial, January 28, 1980, the respondent was 46 years of age. Although she had not worked since the marriage, she had been employed as a waitress and had done office work before the marriage. An ileostomy operation had been performed upon her 3 years before, she had phlebitis in one leg, and cataracts were forming upon her eyes. The record does not otherwise show whether she would be able to find employment at this time, but she testified that she would attempt to find employment.

The petitioner's age is not shown in the record. He had retired from the Air Force and was presently employed by a distributing company. His *gross* income was $12,931.60 in 1977 and $15,885.24 in 1978, including retirement pay. His current *net* income at the time of trial was $680.50 per month, plus Air Force retirement of $596.65 per month.

The respondent requests that the judgment be modified to increase the amount of the child support and alimony awarded to her and to increase her share of the marital property.

In determining whether alimony should be awarded, the ultimate test is one of reasonableness. *Baird v. Baird*, 196 Neb. 124, 241 N.W.2d 543 (1976). The total obligation imposed upon the party and that party's

ability to make the payments required must be considered in determining whether the award made was erroneous.

Rodney, Jr., became of age on August 10, 1980. Karen will be 19 on June 1, 1982. The obligation for child support payments under the judgment will terminate at that time. We find nothing in the record to require a modification of the award of child support.

Although the evidence shows the respondent has some health problems, there is no indication that she is unemployable. Her greatest handicap appears to be a lack of skills or prior training. The award of alimony which was made will give the respondent an opportunity to obtain further training to enhance her opportunity for employment.

The division of property appears to have been approximately equal between the parties. However, we believe it would be more equitable to award the residence property to the respondent subject only to the mortgage indebtedness of approximately $9,400. This property was acquired from the respondent's mother for much less than its market value, and the obligation to provide room, board, and care to her mother proved to be of short duration. Under these circumstances and all the other facts in the case, we believe the judgment should be modified to eliminate the provision awarding the petitioner the note and second mortgage in the amount of $16,500 on the property. As so modified, the judgment is affirmed.

The respondent is allowed the sum of $500 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.