DIANE K. HARB, APPELLANT, v.
HERBERT H. HARB, APPELLEE.

312 N.W.2d 279

Filed November 6, 1981.    No. 43641.

John S. Mingus of Mingus & Mingus for appellant.

Herbert H. Harb, pro se.

Heard before KRIVOSHA, C.J., McCOWN, and HASTINGS, JJ., and KORTUM and GRANT, District Judges.

KORTUM, District Judge.

This is an appeal from an order modifying and increasing the amount of child support payments in a divorce decree.

The original divorce decree entered on July 15, 1970, granted custody of the twin daughters of the parties to the appellant herein, granted the appellee herein rights

of reasonable visitation, and provided for child support in the sum of $40 per month for each child, a total of $80 per month.

At the time of the original divorce decree the appellant was a student at the University of Nebraska and the appellee a student at Bryan Memorial Hospital. The appellant was not employed at the time of the original decree. The earnings of the appellee at that time were a gross amount of $2,269 and net earnings of $1,815.87.

At the time of the modification hearing the appellant was a self-employed insurance agent with gross earnings of $13,944.37 and a net income of $7,103.14. The appellee at that time had gross earnings of $26,967.14 and a net income of $17,658.03 from his employment as a registered nurse.

In 1971, after the original divorce, the appellant moved to Alaska where she and the children lived until 1975. She then moved to the state of Washington where she now resides.

The appellee lived in Nebraska for some time after the original decree and now lives in Michigan.

The trial court took extensive evidence relating to the present needs of the minor children and to the need for increased support. In its order of modification the trial court noted that it was taking into consideration the fact that the appellant had removed the children from the state of Nebraska and the result would be a greater expense to the appellee of exercising his visitation rights.

The court modified the child support upward to provide for support of $100 per month per child. The appellant brings this appeal, alleging that the increase was insufficient and that the trial court erred in taking into consideration the possible increased expenses of the appellee in exercising his visitation rights.

The proceedings in a divorce case with reference to an adjudication of child support is a continuation of the divorce suit and one of its incidents. *Johnson v. Johnson,* 177 Neb. 445, 129 N.W.2d 262 (1964).

The factors to be considered by the trial court in its determination of a child support award are clearly set forth in the cases. In determining the amount of child support to be awarded, the status, character, and situation of the parties and attendant circumstances must be considered. The financial position of the husband as well as the estimated costs of support of the children must be taken into account. *Brus v. Brus*, 203 Neb. 161, 277 N.W.2d 683 (1979).

There is no mathematical formula for computing child support awards and each case must stand on its own facts. A resort to other cases, although similar factually, cannot be determinative of the child support issue, since each case requires subjective reasoning and analysis based on the evidence and the witnesses before the court. *Boroff v. Boroff*, 204 Neb. 217, 281 N.W.2d 760 (1979).

Neb. Rev. Stat. § 42-364 (Reissue 1978) provides for the revision or modification of child support orders. Where there has been a change in circumstances the same rules apply as in the original divorce in determining whether child support payments should be increased or reduced. The added expense of exercising visitation is only one factor to be considered along with others in setting or modifying child support allowances.

Where the custodial parent has removed the minor children from the jurisdiction of the trial court, the costs of exercising reasonable visitation by a noncustodial parent is a factor which may be considered along with all other attendant circumstances in determination of a modification of an existing award for child support.

The decision of the trial court is correct and the judgment is affirmed.

AFFIRMED.