NANCY KAY WHITNEY, APPELLEE, v. HARRY W. WHITNEY, APPELLANT.

334 N.W.2d 799

Filed June 10, 1983. No. 82-287.

Sally Millet Rau and Betty L. Egan of Walsh, Walentine, Miles, Fullenkamp & O'Toole, for appellant.

L. William Gallup, for appellee.

BOSLAUGH, WHITE, and CAPORALE, JJ., and BURKHARD and FINN, D. JJ.

FINN, D.J.

This appeal involves the reasonableness of the decree of the District Court of Sarpy County, Nebraska, dissolving the marriage of the parties hereto as it pertains to child support, alimony, division of property, and award of an attorney fee.

The decree entered in this case by the District Court required the respondent to make the following monthly payments: child support for three children in the amount of $175 per month per child for a total of $525; half the mortgage payment on the residence of the parties in the amount of $192; half of a lease payment in the amount of $30; half of the house insurance payment in the amount of $30; half of the real and personal property taxes in the amount of $91.66; alimony payments in the amount of $500 per month for 60 months; life insurance obligations in the amount of $253 per month; and payment of a $7,500 lien imposed on "Harry's On Broadway" in the amount of $125 per month until the lien is paid off; all for a total monthly obligation of $1,746.66. The court also awarded a $750 attorney fee for the petitioner's attorney.

This is a marriage of approximately 18 years, and there were three children born of this marriage.

The parties have certain life insurance policies on

their respective lives, and the record would indicate that the respondent has a cash value on his policies of approximately $19,000 and the petitioner has a cash value on her policies of approximately $4,000. The parties acquired a residence, which has an approximate fair market value of $64,000 and is encumbered with a $41,000 mortgage; a one-half interest in the "18th Amendment Lounge," with an equity of approximately $25,000; ownership of "Harry's On Broadway," which is a bar having an equity of approximately $10,000; a shore station having an approximate value of $1,400; a boat which was purchased for $9,300 and is presently valued at $6,000, with an encumbrance thereon of $3,000; 1975 and 1979 Gremlin automobiles having a value of approximately $3,200; and a 1975 Cadillac having a value of approximately $2,000. It would appear from the record that the parties have accumulated a net worth of approximately $90,600 in the aforementioned properties.

The only indication in the record of the respondent's past earnings and present and future ability for earnings would indicate that the respondent has the capability through his bar of earning between $1,000 and $1,250 per month. The petitioner, even though presently unemployed, except for a part-time job as a busdriver, was earning $600 per month as a bartender and is presently earning approximately $160 per month as a part-time busdriver. Petitioner is a licensed cosmetologist and perhaps could pursue this vocation. Both parties, however, on the record, indicated that there was a certain amount of "skimming" in the bar business. However, the record is not reflective of how much "skimming" was actually taking place. Perhaps some idea of the extent of the "skimming" could be gleaned from the fact that the parties accumulated a net worth of approximately $90,600 during an 18-year marriage, and exhibit 2, offered and received into evidence, would indicate that the monthly living expenses for peti-

tioner and the minor children is $2,005.05 per month. The earnings of the parties, at least during the latter part of their marriage, consisted of a $1,000 draw from the bar by the respondent, $600-per-month earnings of the wife bartending, and $160-per-month earnings of the wife as a busdriver, for a total of $1,760 per month. This means that the parties were $245.05 short of meeting their necessary living expenses if one were to use the estimates set forth on exhibit 2.

The allowance of alimony in the amount of $500 per month for 60 months and child support of $175 per child per month for a total of $525 per month, together with the other monthly payments which the respondent was ordered to pay as previously set forth herein, all of which total $1,746.66, are beyond the reach and capacity of the respondent and is an abuse of the court's discretion, in that the record would indicate that the respondent at the present time only has earnings of $1,000 to $1,250 per month, plus an undetermined amount of "skim" from which to make these payments.

We have considered the statutory criteria for allowances of alimony, child support, and division of property, Neb. Rev. Stat. § 42-364 (Reissue 1978) and Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982), and prior decisions of this court, relative to appropriate allowances and divisions of property. See, *Johnson v. Johnson*, 209 Neb. 317, 307 N.W.2d 783 (1981); *Watkins v. Watkins*, 209 Neb. 14, 305 N.W.2d 894 (1981); *Amen v. Amen*, 207 Neb. 694, 301 N.W.2d 74 (1981); *Harb v. Harb*, 209 Neb. 875, 312 N.W.2d 279 (1981).

Applying the same to the facts of this case, we find the decree herein should be modified in the following respects: (1) The family home of the parties, located at 8505 Molokai Drive, Omaha, Nebraska, and the boat shore station shall be the sole and separate property of the petitioner, subject to any encumbrances thereon and any lease, house insurance, real and personal property tax payments, and any

maintenance costs. (2) The petitioner is awarded alimony of $200 per month, commencing March 1, 1982, and continuing for a period of 63 months (for a total alimony award of $12,600). (3) The life insurance policies owned by petitioner and respondent shall be the sole and separate property of the respective parties, and each shall be responsible for his or her policy premium payments. (4) Petitioner shall not be awarded the $7,500 lien on the bar and building in Council Bluffs, Iowa, as set forth in paragraph 12 of the court's decree. (5) The decision of the District Court allowing petitioner's attorney, J. William Gallup, an attorney fee in the amount of $750 is reversed, and the parties hereto are required to pay their own attorney fees.

This cause is remanded to the trial court for modification as herein provided. The decree of the trial court as so modified is affirmed.

AFFIRMED AS MODIFIED.

BURKHARD, D.J., dissenting in part.

I dissent from the majority opinion only as regards the disallowance of the attorney fee to petitioner's attorney. There is nothing in the record to indicate that this amount is not fair and reasonable or that there was an abuse of discretion by the trial court in allowing it. The amount is certainly not unconscionable per se. I would allow the attorney fee of $750.