SHAROLYN Y. LAGER, APPELLANT, V. ROBERT D. LAGER, APPELLEE.

440 N.W.2d 193

Filed May 19, 1989.   No. 87-393.

Gary B. Randall and Elizabeth Stuht Borchers, of Marks & Clare, for appellant.

Eugene L. Hillman, of McCormack, Cooney, Mooney & Hillman, for appellee.

BOSLAUGH, WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and WITTHOFF, D.J.

PER CURIAM.

The petitioner, Sharolyn Y. Lager, appeals the award of alimony granted by the district court for Douglas County in a dissolution of marriage decree entered on March 9, 1987. The trial court ordered the respondent, Robert D. Lager, to pay alimony in the amount of $400 per month for 36 months and $100 a month for the following 36 months. The amount of

alimony as determined by the trial court is the only question raised on this appeal.

The awarding of alimony in marriage dissolution cases is a matter entrusted to the discretion of the trial judge. On appeal, an alimony award will be reviewed de novo on the record and affirmed in the absence of any abuse of discretion on the part of the trial judge. *Busekist v. Busekist*, 224 Neb. 510, 398 N.W.2d 722 (1987); *Taylor v. Taylor*, 222 Neb. 721, 386 N.W.2d 851 (1986); *Ford v. Ford*, 219 Neb. 13, 360 N.W.2d 495 (1985). While an appropriate award must be based on the circumstances of each case in light of the factors found in Neb. Rev. Stat. § 42-365 (Reissue 1988), the ultimate test is one of reasonableness. *Gale v. Gale*, 224 Neb. 803, 401 N.W.2d 501 (1987); *Busekist, supra*; *Taylor, supra*.

Pursuant to the decree, Sharolyn will receive a total of $18,000 in alimony over a period of 6 years. She also has most of the equity in the family home. She will complete her teaching degree within 3 years, enhancing her employability. Under the decree, Robert already pays 50.7 percent of his net income in alimony and child support. His monthly expenses exceed his remaining income by $192. It does not appear that Robert could now afford to make larger alimony payments.

As we stated in *Watkins v. Watkins*, 209 Neb. 14, 16-17, 305 N.W.2d 894, 895 (1981):

> In determining whether alimony should be awarded, the ultimate test is one of reasonableness. *Baird v. Baird*, 196 Neb. 124, 241 N.W.2d 543 (1976). The total obligation imposed upon the party and that party's ability to make the payments required must be considered in determining whether the award made was erroneous.

Upon our de novo review of the record, we find that the award of alimony was adequate and reasonable under all the facts and circumstances. There was no abuse of discretion on the part of the trial court. Therefore, the decree of the district court should be affirmed.

AFFIRMED.